BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
United States Courthouse
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 1:08-CV-01452-LJO-SMS |
|---|---|
| Plaintiff, | ) **FINAL JUDGMENT OF FORFEITURE** |
| v. | ) |
| REAL PROPERTY LOCATED AT 42767 ROAD 80, DINUBA, CALIFORNIA, TULARE COUNTY, APN: 013-020-041, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) |
| Defendant. | ) |

Pursuant to the Stipulations for Final Judgment of Forfeiture filed herein, the Court finds:

1.   This is a civil forfeiture action against certain real property located at 42767 Road 80, Dinuba, California, Tulare County, APN: 013-020-041 (hereafter "defendant real property"), and more particularly described in Exhibit A, attached hereto and incorporated herein by reference.

2.   A Verified Complaint for Forfeiture *In Rem* was filed on September 26, 2008, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.   On October 24, 2008, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.	Beginning on December 31, 2008 , for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on February 2, 2009.

5.	In addition to public notice of the action on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a.  Jesus Fletes

    b.  Viridiana Cardenas Sanchez

6.	On November 14, 2008, claimant Viridiana Cardenas Sanchez filed a Claim alleging a legal and equitable interest in the defendant real property.  On November 19, 2008, claimant Viridiana Cardenas Sanchez filed an Answer to the Complaint.  On November 21, 2008, claimant Jesus Fletes filed a Claim for Seized Property and a Verified Answer to the Complaint alleging an interest in the defendant real property.  A Stipulation for Final Judgment of Forfeiture has been signed by Jesus Fletes forfeiting his right, title, and interest in the defendant real property to the United States and will be filed herein.

7.	The recorded owners of the defendant real property are Jesus Fletes and Viridiana Cardenas Sanchez, husband and wife, as joint tenants.

8.	No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.	The Court adopts the Stipulations for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.	That Judgment is hereby entered against claimants Jesus Fletes, Viridiana Cardenas Sanchez, and all other potential claimants who have not filed claims in this action.

3.	The U.S. Marshals Service shall list the defendant real property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale

of the defendant real property.  Claimant Sanchez shall have a say on the asking price for the defendant real property, but the U.S. Marshals Service shall have the final authority regarding the asking price.

4. The U.S. Marshals Service shall have the defendant real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.  Claimant Sanchez shall receive a copy of the appraisal.

5. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

6. The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (a) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

    (c) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    (d) The seller shall pay any county transfer taxes.

    (e) To the United States of America: fifty percent (50%) of the net proceeds from the sale of the real property.  All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

    (f) To claimant Viridiana Cardenas Sanchez:  fifty percent (50%) of the net proceeds from the sale of the real property.

///

7. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on October 2, 2008, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

8. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

9. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

10. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

11. Plaintiff United States of America and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out said posting, forfeiture, or sale, as well as those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

12. Claimant Sanchez does not currently reside at the defendant real property. Until the sale of the defendant real property, claimant Sanchez shall maintain all insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property.

13. Until the sale of the defendant real property, the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

14. Except as specifically provided herein, claimant Sanchez shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

15. Claimant Sanchez and all others occupying the defendant real property shall vacate the defendant real property on 72 hours notice by the U.S. Marshals Service. The U.S.

Marshals Service shall not give the occupants notice to vacate sooner than 72 hours after entry of the Final Judgment of Forfeiture. Claimant Sanchez further shall make arrangements for the removal of all personal possessions, and the personal possessions of any other occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any current or former occupant, not removed within 72 hours will be disposed of by the United States without further notice. Any cost incurred by the United States to evict occupants or for disposal of personal possessions shall be deducted from the payment to claimant Sanchez as set forth in ¶ 6.f above.

16. There was reasonable cause for the posting of the defendant real property, and the commencement and prosecution of this forfeiture action, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

17. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

18. Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

19. There are no other terms or conditions other than those specified herein.

IT IS SO ORDERED.

DATED: May 6, 2011    /s/
                     LAWRENCE J. O'NEILL
                     United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulations for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture *In Rem* filed September 26, 2008, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property, and for the commencement and prosecution of this forfeiture action.

Dated: May 6, 2011    /s/
                     LAWRENCE J. O'NEILL
                     United States District Judge

| | |
|---|---|
| 1 | Exhibit A |
| 2 | Real property located at located at 42767 Road 80, Dinuba, California |

That portion of Lot 9 of Bella Vista Colony, in the County of Tulare, State of California, as per Map recorded in Book 2, Page 93 of Maps, Tulare County records described as follows:

Beginning at a point on the east line of said Lot 9, 150 feet south of the south right of way line of the Atchison, Topeka and Santa Fe Railroad; thence south, along the east line of said Lot 9, 120 feet; thence west 125 feet; thence north 160.1 feet, more or less, to a point 150 feet south of said south railroad right of way and 125 feet west of the east line of said Lot 9; thence south 72°12' east, parallel with said south railroad right of way, 131.3 feet, more or less, to the point of beginning.

Excepting therefrom the east 15 feet thereof as conveyed to the County of Tulare, by Deed recorded April 16, 1954 in Book 1745, Page 469, File No. 12307, Official Records.

APN: 013-020-041

IT IS SO ORDERED.

Dated:    May 6, 2011                                /s/ Lawrence J. O'Neill
         ED STATES DISTRICT JUDGE

Final Judgment of Forfeiture